

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 27, 1939

Mr. A. W. Carothers
County Attorney
Loving County
Mentone, Texas

Dear Mr. Carothers:

Opinion No. O-377
Re: Whether or not it is legal
to issue bonds to build road
if petition and order for
election state road runs
through only two commissioners'
precincts

  This will acknowledge receipt of your letter of February 15, 1939, which reads as follows:

  "Loving County is desirous of putting in a road from Mentone to the county line east, which road will run through commissioners' precincts Nos. 1 and 4 only, and does not run through commissioners' precincts Nos. 2 and 3 at all.

  "Would it be legal to vote bonds for the county to build this road if we designate in the petition and order for the election that the road for which the proceeds of the bonds are to be used runs through only two commissioners' precincts?"

  It is our understanding from your letter that you are interested in the proper purpose clause to be used in your petition and order for election. The purpose clause should be worded as follows:

  "For the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof". Article 752a, R.C.S., Article 3, Section 52, Constitution of the State of Texas.

  If you want to designate, in addition to the above purpose clause, in your petition and election order the exact route of the road and show that it will only run through two commissioners' precincts, we know of no objections that we could make to your transcript for that reason.

However, a statement of the road to be constructed, the route, and the amount to be expended for each type of construction, is unnecessary, undesirable and has no proper place in the petition, the election order and other proceedings. The commissioners' court can cover all of these matters in a separate order to be passed at any time before the election. The courts have ruled that an order of this nature constitutes a valid and binding contract between the court and the taxpayers. Black vs. Strength, 246 S.W. 79.

Trusting that this answers your question, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Claude O. Boothman
Assistant

COB:s:wc

Approved:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS